HARVEY MYERS'S ADM'R *v.* ALVIN DUVALL, ET AL.

**Pleading—Practice.**

> Where it is necessary that a claim sued for should be verified and it was not verified, objection should be taken thereto by rule before answer; and the objection cannot be made for the first time in this court.

**Costs on Appeal.**

> The cost of one copy of the record on appeal, if procured from the clerk of this court by the successful party, may be taxed as costs, and the fee of the clerk for making a copy for a party who has given surety for costs is "costs" within the meaning of his bond.

APPEAL FROM KENTON CHANCERY COURT.

September 17, 1877.

OPINION BY JUDGE COFER:

The original answer amounted to no more than a denial that the services sued for had been rendered or was of the value charged. The amended answer was rejected and was not made a part of the record in such manner as to authorize this court to consider it. But if he could treat the paper before us, as stated by the clerk, to be the amended answer tendered as part of the record, we could not say that the court abused a sound discretion in refusing to allow it to be filed.

The amended answer not having been filed, there was no issue as to the legality of the fee charged, the denial in the answer being, not that the fee charged was more than the law allowed, but that the defendant had no knowledge or information sufficient to form a belief as to whether the services mentioned in the petition were rendered or as to the amount or value thereof.

This devolved upon the plaintiffs the burden of proving the amount of the services, and that being done the law fixed the value. In proving the amount of services rendered the plaintiffs manifested the fact that an illegal charge had been made, but the defendant could waive the illegality, and this he did by failing to present an issue as to the legality of the charge.

The statute, if subject to the construction contended for by the appellant (a question we do not decide), is highly penal in its character; and a party desiring to avail himself of it should present a distinct issue manifesting his intention, and cannot rely upon a merely negative pleading, such as was filed in this case.

If it be true, as claimed by the appellant's counsel, that the claim

sued for was not verified as required by law, that objection should have been taken by rule before answer, and no such objection having been made in the court below it cannot be made here. And the same may be said of the misjoinder of parties plaintiff.

There is nothing in the pleadings to show that the intestate, Myers, was dead when the services charged for were rendered, and consequently it was unnecessary to decide whether, if rendered after his death, his personal representative would be liable.

There does not appear to be a statute in terms authorizing a copy of a record in this court to be taxed as costs in favor of the successful party, but this court is authorized to award such costs as the judges in their discretion may deem proper (Sec. 35, Chap. 26, Gen. Stat.), and it has been the long settled and uniform practice to allow one copy of the record, if procured from the clerk of this court by the successful party, to be taxed as costs, and the fee of the clerk for making a copy for a party who has given surety for costs is "costs" within the meaning of that term in the bond.

Judgment *affirmed.*

*L. L. Hallam, for appellant.   A. Duvall, for appellees.*